

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**11/07/2014**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASR 2401 FOUNTAINVIEW, LP | § | Case No. 14-35322 |
| | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| ASR 2401 FOUNTAINVIEW, LLC | § | Case No. 14-35323 |
| | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION
(I) PROHIBITING UTILITY COMPANIES FORM ALTERING, REFUSING OR
DISCONTINUING SERVICES AND (II) ESTABLISHING PROCEDURES FOR
DETERMINING REQUESTS FOR ADEQUATE ASSURANCE**

(Relates to Doc. no. 12 )

On this day the Court considered the above-captioned Debtor's Emergency Motion for an Order (i) prohibiting the Debtor's utility service providers from altering, refusing or discontinuing utility services on account of pre-petition invoices; and (ii) establishing procedures for determining adequate assurance of future payment to the Debtor's utility service providers ("Motion").[1] The Court, having jurisdiction to consider the Motion, and finding that due and sufficient notice having been given, and sufficient cause appearing,

**ORDERS** that the Motion is **GRANTED**; it is further

**ORDERED** that the following procedure shall be established for the Court to determine, if necessary, whether a Utility Company is entitled to the requested assurance of payment (the "Determination Procedures"):

---

[1] All capitalized words not defined herein are ascribed the same meaning given to them in the Motion.

(a) Within three (3) days after the entry of this order ("Utility Order"), the Debtor will mail a copy of the Utility Order to the Utility Companies listed on Exhibit A to the Motion via First Class Mail.

(b) Any Utility Company that desires assurance of future payment for Utility Service must make a written request ("Request") for such assurance of payment. Such a Request must be received by the Debtor and by the Debtor's counsel[2] within thirty (30) days after the date of Debtor's service of the Utility Order. Any such Request by a Utility Company shall specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company and must set forth: (i) the type of Utility Services that are provided; (ii) the location for which the relevant Utility Services are provided; (iii) a list of any deposits or other security currently held by such Utility Company and held by such Utility Company immediately prior to the Petition Date on account of the Debtor; and (iv) a description of any payment delinquency or irregularity by the Debtor, if any, for the post-petition period.

(c) Without further order of the Court, the Debtor may enter into agreements granting the Utility Companies that have submitted Requests assurance of payment in the form of a deposit equal to up to one month's utility service, based on an average of the last quarter, or three months' utility usage.

(d) If a Utility Company timely requests assurance of payment that the Debtor believes is unreasonable, and if after good-faith negotiations by the parties, the parties are not able to resolve the issue within ten (10) days after the date of the Request, the Debtor will (i) file a motion ("Determination Motion") seeking to modify the Request to an amount that the Debtor believes is adequate with respect to the requesting Utility Company, and (ii) schedule the Determination Motion to be heard by the Court at least twenty (20) days after filing the Determination Motion ("Determination Hearing"). Until the announcement by the Court of its decision at the conclusion of a Determination Hearing, no Utility Company may alter, refuse or discontinue service.

(e) Any Utility Company that does not timely request assurance of payment through a Request pursuant to the Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Company under §366(c)(2) of the Bankruptcy Code without further action by the Debtor and without prejudice to the right of such Utility Company to seek relief in the future pursuant to §366(c)(3)(A).

(f) Any assurance of payment provided by the Debtor to a Utility Company in accordance with the Determination Procedures will, to the extent not used

---

[2] The Request should be served upon Debtor's counsel at Okin & Adams LLP, 1113 Vine Street, Suite 201, Houston, Texas 77002 (Attn: Christopher Adams).

by the Utility Company to satisfy a post-petition default, be returned to the Debtor within thirty (30) days after the effective date of (i) a plan of reorganization in this chapter 11 case, (ii) a sale of substantially all of the Debtor's assets pursuant to §363 of the Bankruptcy Code or (iii) a conversion of this chapter 11 case to chapter 7, without further order of the Court.

It is further

**ORDERED**, that to the extent that the Debtor identifies a Utility Company not set forth in the Motion: (a) the Debtor is authorized to provide notice and a copy of the Utility Order to said Utility Company not listed in the Motion (collectively, the "Additional Utility Companies" or "Additional Utility"), as such Additional Utility Companies are identified, and (b) provide that the Additional Utilities are subject to the terms of the Utility Order, including the Determination Procedures herein; provided, however, that the deadline for an Additional Utility Company to submit a Request under the Determination Procedures will be thirty (30) days after the date the Utility Order is served upon such Additional Utility Company. Upon service of such request, the Additional Utility Company will be subject to the Determination Procedures. If an Additional Utility Company fails to submit a Request within such thirty (30) day period under the Determination Procedures, the Additional Utility Company will be automatically deemed to be satisfied that the amount of assurance of payment that is adequate under § 366(c)(3) of the Bankruptcy Code is zero dollars to the extent provided by the Determination Procedures; it is further

**ORDERED**, that the Debtor shall pay on a timely basis, in accordance with its pre-petition practices, all undisputed invoices with respect to post-petition utility services rendered by the Utility Companies; it is further

**ORDERED**, that absent any further order of this Court, each of the Utility Companies is prohibited from altering, refusing or discontinuing services on account of unpaid pre-petition

charges, or discriminating against the Debtor or requiring the payment of a deposit or receipt of other security in connection with any unpaid charges for pre-petition Utility Services furnished to the Debtor other than as provided herein; it is further

**ORDERED** that nothing herein shall be deemed a determination that any Utility Company constitutes a "utility" for purposes of §366 of the Bankruptcy Code; it is further

**ORDERED** that the Debtor, its officers, employees and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein; and it is further

**ORDERED** this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

**SIGNED this** \_\_\_\_ **day of** _____, 2014.

_____
**UNITED STATES BANKRUPTCY JUDGE
LETITIA Z. PAUL**

*DENIED WITHOUT PREJUDICE*

*NOV - 7 2014*                    /s/ Letitia Z. Paul