

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/16/2014

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASR 2401 Fountainview, LP | § | Case No. 14-35322 |
| | § | |
| Debtor | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| ASR 2401 Fountainview, LLC | § | Case No. 14-35323 |
| | § | |
| Debtor | § | Jointly administered |
| | § | |

### ORDER GRANTING THE DEBTORS' APPLICATION TO EMPLOY STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS

Came on this day *Application to Employ Stout Risius Ross, Inc. as Financial Advisors* ("*Application to Employ*") filed by the ASR 2401 Fountainview, LP and ASR 2401 Fountainview, LLC (the "Debtors"). The Debtors request this Court approve the retention and employment of Stout Risius Ross, Inc. ("SRR") as the Debtors' financial advisor, effective as of October 17, 2014.

This Court finds that SRR is a "disinterested person," as defined in 11 U.S.C. § 101(14) because: (i) SRR has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the United States Trustee or any of its employees; (ii) SRR is not a creditor, equity security holder, or insider of the Debtors (iii) none of SRR's personnel are or were, within two years of the Debtors' September 30, 2014 petition date, a director, officer, or employee of any of the Debtors; and (iv) SRR does not hold and neither has

1

represented nor represents an interest materially adverse to the interests of the Debtor's' bankruptcy estates, any class of creditors, or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

Given the foregoing, the Court finds that the *Application to Employ* is meritorious, and the Court approves the retention and employment of SRR as the Debtor's financial advisor. It is therefore:

1. **ORDERED** that the *Application to Employ* is **GRANTED** as set forth herein. It is further

2. **ORDERED** that the Debtors are authorized to retain and employ SRR as its financial advisor. The Debtors' retention and employment of SRR is pursuant to 11 U.S.C. §§ 328 and 1103, Bankruptcy Rule 2014(a), and Local Rule 2014. SRR shall be retained and employed in accordance with the terms set forth in the Retention Agreement submitted with the *Application to Employ*. It is further

3. **ORDERED** that SRR shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rule, the Local Rules of this Court, guidelines established by the United States Trustee for the Southern District of Texas, and any other procedures as fixed by further order of this Court. The fees and expenses sought by SRR shall be subject to review and approval by the Court in connection with any fee application filed by SRR, and all creditors and parties-in-interest reserve all rights with respect to the final allowance and approval of such fees and expenses. It is further

4. **ORDERED** that notwithstanding the possible applicability of any stay of the effectiveness of this order, including, without limitation, the fourteen (14) day stay provided in

Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  It is further

5. **ORDERED** that the Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: 12/16/14

_____
LETITIA Z. PAUL
**UNITED STATES BANKRUPTCY JUDGE**

3