IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASR 2401 FOUNTAINVIEW, LP | § | Case No. 14-35322 |
| | § | |
| Debtor | § | (Chapter 11) |
| _____ | § | _____ |
| | § | |
| ASR 2401 FOUNTAINVIEW, LLC | § | Case No. 14-35323 |
| | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered |
| | § | |

**DEBTORS' EXPEDITED MOTION FOR ORDER (I) AUTHORIZING
PREFERRED INCOME PARTNERS IV, LLC TO EXERCISE ITS CONTRACTUAL
RIGHT TO ASSUME CONTROL OF ASR 2401 FOUNTAINVIEW, LLC
AND (II) APPROVING THE DEBTORS' EMPLOYMENT OF
JETALL REAL ESTATE DEVELOPMENT AS PROPERTY MANAGER**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE
WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT
FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE
MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING.   UNLESS THE PARTIES AGREE
OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY.**

**EXPEDITED RELIEF HAS BEEN REQUESTED.   IF THE COURT
CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU
WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO
THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE**

**EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

ASR 2401 Fountainview, LP and ASR 2401 Fountainview, LLC, the debtors and debtors-in-possession ("Debtors"), hereby file their Expedited Motion for Order (I) Authorizing Preferred Income Partners IV, LLC to Exercise its Contractual Right to Assume Control of ASR 2401 Fountainview, LLC and (II) Approving the Debtors' Employment of Jetall Real Estate Development as Property Manager ("Motion"), and in support hereof, respectfully states as follows:

**I.**
**JURISDICTION**

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**
**BACKGROUND OF MOTION**

2.       On or about September 1, 2009, ASR 2401 Fountainview, LLC (the "General Partner"), Preferred Income Partners IV, LLC ("PIP" or the "Class A Limited Partner") and American Spectrum Realty Operating Partnership, L.P. (the "Class B Limited Partner") entered into ASR 2401 Fountainview, LP's Amended and Restated Limited Partnership Agreement  (the "Limited Partnership Agreement").[1]  The General Partner and the Class B Limited Partner had previously formed ASR 2401 Fountainview, LP (the "Partnership").

---

[1] A true and correct copy of the Limited Partnership Agreement is attached hereto as Exhibit "A" and incorporated by reference.

3.      The Debtors own and operate an office building located at 2401 Fountainview, Houston, Texas 77057 (the "Property").   Debtor ASR 2401 Fountainview, LLC has no operations other than acting as the General Partner of the (Debtor) Partnership.

4.      On September 30, 2014, the Debtors filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Code"), initiating Case Nos. 14-35322 (the "LP Debtor") and 14-35323 (the "LLC Debtor").

4.      On October 2, 2014, this Court entered an Order requiring the Debtors' Bankruptcy Cases to be jointly administered under Case No. 14-35323 [Docket No. 4].

5.      Prior to, on and after the Petition Date, the Debtors received and collected –and continues to receive and collect – issues, proceeds, profits and accounts receivable (collectively, the "Revenues") generated by and arising from the operation of the Property.

6.      On December 2-3, 2014, the Debtors, Preferred Income Partners IV, LLC ("PIP"), American Spectrum Realty, Inc. ("ASR") and ASR Operating Partnership (collectively, the "Mediating Parties") mediated in an effort to resolve all disputed issues between them.

7.      The instant motion, if granted, will effect the terms to which the Mediating Parties agreed and which are enumerated in the Binding Term Sheet executed by the Mediating Parties.[2] The salient terms are discussed below.

### III.
### BASIS FOR RELIEF SOUGHT

8.      On or about September 1, 2009, PIP made a capital contribution of $2.25 million in immediately available funds to the Debtors pursuant to the Limited Partnership Agreement. The Limited Partnership Agreement provided if PIP were not repaid in full with interest for its

---

[2] A true and correct copy of the Binding Term Sheet that was executed at the mediation is attached hereto as Exhibit "B" and incorporated by reference.

capital contribution within five years,[3] it could assume control of the LLC Debtor (the general partner of the LP Debtor). *See* Exhibit A at section 6.1.

9.      Given that repayment in full was not been made to PIP by October 1, 2014, PIP asserts that it is entitled to control the LLC Debtor, pursuant to the Limited Partnership Agreement.  Based on the agreements reached during the mediation, the Debtors do not oppose PIP's exercise of its contractual right to control the LLC Debtor (thereby controlling the LP Debtor).

10.      As the party in control, PIP will be tasked with management of the Debtors' Property.  Moreover, PIP requires that the Debtors replace the current management company (ASR Management) with Jetall Real Estate Development ("Jetall") (an entity that is associated with PIP).  Jetall has agreed to provide the management services at no cost to the Debtors.  A copy of the management agreement between the Debtors and Jetall is being finalized and will be filed prior to the hearing on this Motion.  The Debtors also request that the Court order the non-Debtor ASR entities to cooperate fully with Jetall and PIP in transitioning management to Jetall.

### IV.
### LEGAL AUTHORITY AND JUSTIFICATION FOR REQUESTED RELIEF

11.      The Debtors assert the automatic stay imposed by section 362 of the Bankruptcy Code precludes PIP's enforcement of any contractual rights it may have to assume control of the general partnership; PIP disagrees. Regardless, the Debtors have agreed that PIP be allowed to their contractual right to controlling the LLC Debtor and respectfully request this Court lift the automatic stay, to the extent necessary, to allow PIP to control the LLC Debtor.  Moreover, with PIP in control of the Debtors, PIP believes it is in the best interests of the Debtors to replace the existing management company with Jetall.  As is explained above, Jetall is associated with PIP

---

[3] The repayment date ultimately was extended until October 1, 2014.

and has agreed to manage the Property without charging a management fee to the Debtors during the pendency of these cases.

12.     Section 105(a) of the Bankruptcy Code provides, in pertinent part that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." The Debtors believes that, for the reasons set forth herein, PIP's assumption of control of the LLC Debtor, and its decision to replace the current management company with Jetall, are in the best interest of the Debtors, their estates and creditors.

**V.**
**CAUSE FOR EXPEDITED CONSIDERATION**

15.     One of the terms of the mediation is that the Debtors seek expedited consideration of the instant motion. PIP wants to make changes and improvements to the Property immediately and cannot do so until it is in control. The Debtors support PIP (through Jetall) controlling and managing the Property immediately and request that the Court hear this Motion as soon as the Court's schedule allows. The Mediated Settlement provides for payment in full of all unsecured creditors. Therefore, there is no prejudice to the unsecured creditors in this case for considering this Motion on limited notice.

WHEREFORE, Debtors ASR 2401 Fountainview, LP and ASR 2401 Fountainview, LLC respectfully request that the Court enter an order (I) Authorizing Preferred Income Partners IV, LLC to Exercise its Contractual Right to Assume Control of ASR 2401 Fountainview, LLC, (II) Approving the Debtors' Employment of Jetall Real Estate Development as Property Manager, and (III) granting such other relief as may be just and proper.

5

Respectfully submitted on the 16th day of December, 2014.

Respectfully submitted,

**OKIN & ADAMS LLP**

By: */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email:  cadams@okinadams.com
Ruth E. Piller
Texas Bar No. 00794461
Email: rpiller@okinadams.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**COUNSEL FOR DEBTORS AND**
**DEBTORS-IN-POSSESSION**
**ASR 2401 FOUNTAINVIEW, LP AND**
**ASR 2401 FOUNTAINVIEW, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I served a copy of the foregoing via the Court's EM/ECF electronic system to all parties consenting to service through same, and to the parties on the attached service list by United States First Class Mail, postage prepaid.

*/s/  Christopher Adams*
Christopher Adams

6