IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASR 2401 FOUNTAINVIEW, LP, | § | Case No. 14-35322-H3-11 |
| | § | (Chapter 11) |
| DEBTOR. | § | (Jointly Administered) |
| | § | |
| | § | |
| ASR 2401 FOUNTAINVIEW, LLC, | § | Case No. 14-35323-H3-11 |
| | § | (Chapter 11) |
| DEBTOR. | § | (Jointly Administered) |

**NOTEHOLDER'S LIMITED OBJECTION TO DEBTORS' EXPEDITED MOTION FOR ORDER (I) AUTHORIZING PREFERRED INCOME PARTNERS IV, LLC TO EXERCISE ITS CONTRACTUAL RIGHT TO ASSUME CONTROL OF ASR FOUNTAINVIEW, LLC AND (II) APPROVING THE DEBTORS' EMPLOYMENT OF JETALL REAL ESTATE DEVELOPMENT AS PROPERTY MANAGER**
[This instrument relates to Docket No. 47]

TO THE HONORABLE LETITIA Z. PAUL, UNITED STATES BANKRUPTCY JUDGE:

JPMCC 2006-LDP7 Office 2401, LLC (the "Noteholder"), the holder of secured claims against ASR 2401 Fountainview, LP (the "LP Debtor") and unsecured claims against ASR 2401 Fountainview, LLC (the "LLC Debtor," and together with the LP Debtor, collectively, the "Debtors"), files this Limited Objection (the "Limited Objection") to the Debtors' Expedited Motion for Order (I) Authorizing Preferred Income Partners IV, LLC to Exercise its Contractual Right to Assume Control of ASR Fountainview, LLC and (II) Approving the Debtors' Employment of Jetall Real Estate Development as Property Manager (Docket No. 47) (the "Motion").

## OVERVIEW OF LIMITED OBJECTION[1]

1. Expedited consideration of the Motion is not appropriate given: (*i*) the dearth of material information relating to the change of management of the Debtors; and, (*ii*) crucial substantive and procedural deficiencies that do not allow the Noteholder or other creditors sufficient opportunity to assess the impact of the relief sought by the Motion. The Motion represents the product of a mediation agreement referred to as the Binding Term Sheet, yet the Motion appears to seek a piecemeal approval of select terms of the Binding Term Sheet rather than a comprehensive settlement consistent with Bankruptcy Rule 9019 and the bankruptcy plan and disclosure statement processes embodied by §§ 1125 and 1129 of the Bankruptcy Code.

2. To wit, it is unclear from the relief being sought in the Motion if the Mediating Parties intend the relief being sought to embody all terms of the Binding Term Sheet, or simply only those related to the change in management of the Debtors and the engagement of Jetall. To the extent that the relief sought goes further, and would thereby seek the imprimatur of this Court on the operative terms of the Binding Term Sheet, such relief usurps the Chapter 11 process by eliminating important substantive and procedural rights of the Noteholder and other creditors. Additionally, the Motion fails to justify the need for expedited consideration and relief. As such, the Court should deny the Motion as it is currently filed, allow the Debtors to file an amended version of the Motion which remedies the substantive and procedural deficiencies, and set the Motion for hearing pursuant to this Court's normal notice procedures.

---

[1] Unless otherwise stated herein, all undefined capitalized terms appearing in this Limited Objection shall have the meanings ascribed to such terms in the Motion. Additionally, certain undefined capitalized terms appearing in the Overview of Limited Objection are defined later in the Limited Objection. All references to the "Bankruptcy Code" mean Title 11 of the U.S. Code.

**LIMITED OBJECTION**

3. The Noteholder is a secured creditor with a pre-petition security interest in the Debtor's Property, related personal property, inventory, and proceeds therefrom, as well as the Revenues generated from the operation and leasing of the Real Property (collectively, the "Property"). Pursuant to 11 U.S.C. § 552(b), the Noteholder holds a security interest in post-petition revenues and Property and related proceeds and profits therefrom collected by the LP Debtor, or in which the LP Debtor will obtain an interest during the pendency of these Bankruptcy Cases, and all other "cash collateral" within the meaning of 11 U.S.C. § 363(a) (the "Cash Collateral"). *See* Second Interim Agreed Cash Collateral Order at ¶¶ H-J (Docket No. 35) (the "Cash Collateral Order"). The Noteholder's claims are secured by substantially all of the Property and Cash Collateral, as well as the proceeds therefrom, as set forth specifically in the Loan Documents referenced in the Cash Collateral Order. *Id.*

4. The Motion suffers from several deficiencies which either are fatal to granting the relief requested or do not permit the Noteholder and other creditors to sufficiently evaluate the requested relief and the proposed effect on the bankruptcy estates as follows:

   (a) The Motion ignores and seeks to violate provisions in the Loan Documents, specifically the Loan Agreement, which remain enforceable pursuant to the Cash Collateral Order, requiring the Noteholder's consent prior to a change in control of the LP Debtor, or a change in the manager of the Property, or the entry into Major Leases (as defined in the Loan Agreement) by the LP Debtor. *See* Cash Collateral Order, ¶ 24; Loan Agreement, §§ 9.06, 9.14, 10.01, 11.01(m), and 19.01. A true and correct copy the Loan Agreement is attached hereto as **Exhibit A** and incorporated herein for all purposes. Additionally, the Loan Agreement (dated as of February 2, 2006) pre-dates the Limited Partnership Agreement (dated as of September 1, 2009).

   (b) The Motion has not been properly presented as a motion for stay relief under the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules" or "BLR").

      Specifically, the relief requested in the Motion, contrary to PIP's assertion, absolutely requires relief from the automatic stay given that PIP seeks to enforce its alleged contractual rights against the LLC Debtor and to exercise control over both Debtors, both of which actions are expressly prohibited by § 362 of the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 362(a)(3), (6). Moreover, the Motion fails to comply with the notice and other requirements for stay relief motions set forth in the Bankruptcy Local Rules and seeks to impermissibly combine other relief with relief from the automatic stay. *See, e.g.*, BLR 4001-1(a)(1)-(3), (5), and (8).

(c)   The Motion also fails to establish the required elements for approval of a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In essence, the Motion seeks to summarily allow PIP's alleged interest in the LP Debtor, and to dismiss any and all claims against PIP, without any discussion of the elements for approval of a compromise required by applicable jurisprudence governing Bankruptcy Rule 9019.

(d)   The Motion fails to describe: (*i*) how the claims of Dansk and Petrochem will be addressed in connection with the Debtors' entry into the Binding Term Sheet; (*ii*) what process PIP or the Debtors' will undertake to sell the equity or the manner in which the Property will be sold pursuant to § 363 of the Bankruptcy Code; (*iii*) exactly how much will be paid for the Property (i.e., paragraph 1 of the Binding Term Sheet simply notes that **up to** $15.3 million will be paid for either the Property or the equity); (*iv*) when the funds to purchase the same will be provided to the LP Debtor; (*v*) when and how consideration will be distributed to pay claimholders; (*vi*) the terms of the proposed sale to PIP and/or whether the Property or the equity has been marketed (e.g., no proposed sale contract has been presented); (*vii*) whether other parties will be able to bid on the Property or the equity; and, (*viii*) whether and to what extent the Noteholder will be afforded the ability to exercise its statutory credit bid rights under §§ 363(k) and 1129(b)(2)(A)(ii) of the Bankruptcy Code.

(e)   The Motion also fails to provide any evidence of any consideration PIP has provided for the right to exercise its alleged contractual right to take control of the LLC Debtor, and by extension, the LP Debtor. Additionally, the Motion requires the Court to permit PIP to take control over the Debtors without PIP's actually promising to provide any consideration. Indeed, the Binding Term Sheet notes that PIP's purchase of the equity or the Property, which is a condition of its taking control, is further conditioned upon Dansk and Petrochem (alleged junior lienholders) reducing their combined claims from ~$6.1 million to at least ~$3.8 million so that all other creditors,

including unsecured creditors, may be paid in full. *See* Binding Term Sheet, ¶¶ 9-11. However, on information and belief, neither Dansk nor Petrochem participated in the mediation nor agreed to reduce their claims. Therefore, granting the Motion would simply afford PIP control over the Debtors without any guarantee that any consideration (or any specific amount of consideration) would be provided or that claimholders would be paid in full. This appears to be an attempt by the movants to adjust claims outside of the claims resolution process and outside the scope of a plan of reorganization, which smacks of an impermissible *sub rosa* plan. *See Jasik v. Conrad* (*In re Jasik*), 727 F.2d 1379, 1383 (5th Cir. 1984) (holding that "where the contemplated result under a § 363(b) transaction would change the composition of the debtor's assets and have the practical effect of dictating the terms of a future reorganization plan, the requirements for confirmation of a reorganization plan—including voting, confirmation, and disclosure—first ha[ve] to be met.").

(f) The Motion also fails to provide any notice of the Property management agreement with Jetall, which movants assert has not even been finalized, but will be filed prior to the hearing. More, the Motion fails to provide adequate justification for the request for expedited relief. The Binding Term Sheet was executed December 3, 2014. The parties only provided the Court with a copy of the Binding Term Sheet on December 16, 2014, filed the Motion the same day, and requested a hearing on only one (1) business day's notice to parties alleging that there are urgent issues that must be addressed at the Property. However, on information and belief, these issues have been known for some time (at least since the execution date of the Binding Term Sheet) and therefore do not appear to justify depriving creditors of adequate notice. The Noteholder should have ample opportunity to review and consider the proposed management agreement and proposed management company that is a stranger to the Loan Agreement and that will be charged with overseeing its Collateral.

5. In sum, the Motion simply lacks structure, fails to comply with relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, lacks sufficient notice to grant the requested relief, and lacks sufficient detail to afford creditors an adequate opportunity to assess the proposals therein. Moreover, the bounds of the relief requested in the Motion are expansive and seek to affect property of the estates and claims against the estates without adequate detail regarding the consideration to be received in exchange

or the mechanics for doing so. In light of the foregoing, the Court should deny expedited consideration of the Motion, require movants to amend the Motion to comply with applicable Bankruptcy Code, Bankruptcy Rule, and Bankruptcy Local Rule provisions, and set the Motion for hearing under normal applicable notice procedures.

## RESERVATION OF RIGHTS

6.     Noteholder reserves all rights applicable under the Loan Documents, the Bankruptcy Code, and applicable law, including the right to amend or supplement this Limited Objection based on any modifications to the Motion prior to any hearing to consider the Motion.

## PRAYER

The Noteholder respectfully requests this Court to: (*i*) sustain this Limited Objection; and, (*ii*) require the Debtors to amend the Motion to remedy the procedural and substantive deficiencies therein (as hereinabove described); (*iii*) re-set the Motion for hearing pursuant to the normal notice procedures under the Bankruptcy Local Rules; and, (*iv*) grant Noteholder such other and further relief to which it may be justly entitled, both at law and in equity.

**DATED: December 17, 2014**

Respectfully submitted,

**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)

By: _____*/s/ Sean B. Davis*_____
       Joseph G. Epstein
       Texas Bar No. 06639320
       S.D. Tex. No. 11733
       Sean B. Davis
       Texas Bar No. 24069583
       S.D. Tex. No. 1048341

**ATTORNEYS FOR JPMCC 2006-LDP7 OFFICE 2401, LLC**

### Certificate of Service

I hereby certify that on December 17, 2014, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

      */s/ Sean B. Davis*
      One of Counsel

NOTEHOLDER'S OBJECTION TO DEBTORS' MOTION TO TRANSFER CONTROL TO PIP AND TO EMPLOY JETALL AS PROPERTY MANAGER     PAGE 7 OF 7

HOUSTON_1/1376331v.2
48756-234  12/17/2014