IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ASR 2401 FOUNTAINVIEW, LP** | § | Case No. 14-35322 |
| | § | |
| Debtor | § | (Chapter 11) |
| _____ | § | _____ |
| | § | |
| **ASR 2401 FOUNTAINVIEW, LLC** | § | Case No. 14-35323 |
| | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered |
| | § | |

**MOTION FOR ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a)
AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE TO GRANT THE RELIEF REQUESTED IN THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

ASR 2401 Fountainview, LP and ASR 2401 Fountainview, LLC, the debtors and debtors-in-possession ("Debtors"), files this Motion for Administrative Order Under 11 U.S.C.

§§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals ("Motion").  In support of the Motion, the Debtors respectfully represent as follows:

**I.**
**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**
**BACKGROUND OF MOTION**

2. On September 30, 2014, the Debtors filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Code"), initiating Case Nos. 14-35322 (the "LP Debtor") and 14-35323 (the "LLC Debtor").

3. The Debtors own and operate an office building located at 2401 Fountainview, Houston, Texas 77057.  The LLC Debtor has no operations other than acting as the general partner of the LP Debtor.

4. On October 2, 2014, this Court entered an Order requiring the Debtors' Bankruptcy Cases to be jointly administered under Case No. 14-35323 [Doc. No. 4].

5. Prior to, on and after the Petition Date, the Debtors received and collected –and continues to receive and collect – issues, proceeds, profits and accounts receivable generated by and arising from the operation of the Real Property.

6. On November 25, 2014, this Court entered an order authorizing the retention of Okin & Adams LLP ("Okin Adams") *nunc pro tunc* to September 30, 2014 as Debtors' bankruptcy counsel [Doc. no. 33].

## III.
## RELIEF REQUESTED

2. By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for compensating and reimbursing court-approved professionals ("Professionals") on a monthly basis, comparable to those procedures established in other chapter 11 cases filed in this district. Such an order will enable the Court, the Debtors and all other parties to more effectively monitor the professional fees and expenses generated in this case as they are incurred.

### Monthly Interim Compensation and Reimbursement

3. The Debtors propose that the payment of compensation and reimbursement of Professionals on a monthly basis be structured as follows:

   a) No later than the 15th day of each calendar month following the month for which compensation and/or reimbursement is sought (the "Statement Due Date"), each Professional (other than those subject to separate Court order) retained in this case pursuant to sections 327 and 1103 of the Bankruptcy Code seeking the interim payment of fees and reimbursement of expenses may:

      i) submit an itemized monthly fee and expense statement ("Monthly Statement") in compliance with the provisions of subparagraph 3(b) below setting forth the fees and expenses for which payment is sought for the preceding month, with supporting detail; and

      ii) serve a copy of such Monthly Statement on the Debtors, bankruptcy counsel for the Debtors, if a committee of unsecured creditors is appointed, on counsel for the committee, and the United States Trustee (collectively, the "Fee Parties").

   b) Each Monthly Statement shall include, as an exhibit, time records that itemize services. Monthly Statements must be actually received by the Fee Parties on or before the Statement Due Date. Any Monthly Statement received after the Statement Due Date shall be deemed served on the Statement Due Date the following month.

   c) The Fee Parties shall have ten (10) days from actual receipt to review each Monthly Statement. Any objections shall be served on the Fee Parties and the affected Professional no later than ten (10) days after receipt of a

3

        Monthly Statement; provided however, that all objections must be received by the Debtors' bankruptcy counsel by the close of business on the 10th day after receipt of a Monthly Statement (the "Objection Deadline"). After such review, and except as provided in subparagraph 3(d) below, the Debtors shall pay in the ordinary course of business (typically, within ten (10) days from the Objection Deadline), or to the extent the Professional is in possession of a retainer, the Professional may apply any remaining retainer to pay:

        i)    eighty percent (80%) of the fees requested by a Professional; and

        ii)    one hundred percent (100%) of the expenses requested by a Professional.

    d)    In the event that there are objections to any Monthly Statement submitted by a Professional, the objecting Fee Party shall, on or before the Objection Deadline, notify the Fee Parties and the affected Professional in writing of such objection. The objection shall specify in detail the nature and basis of the objection. Pending resolution of such objection, the Debtors shall promptly pay to the Professional or the Professional may apply any remaining retainer, as to fees, the amount requested in the particular Monthly Statement less the greater of (i) the amount in dispute or (ii) the twenty percent holdback provided in subparagraph 3(c)(i) above and, as to expenses, the amount requested less the amount in dispute. The Professional and the objecting Fee Party shall endeavor to amicably resolve any objection within five (5) days after the Objection Deadline. If a resolution cannot be reached in that period, the Professional may request that the Court resolve the dispute at the next regularly scheduled fee application hearing. The failure of any Fee Party (or other interested party with standing to object) to object to the payment of any Monthly Statement within the ten (10) day period set forth above shall not be deemed to constitute a waiver of that party's right to object to any interim or final fee application filed by any Professional or preclude any disgorgement of any fees paid.

    e)    The initial Monthly Statement shall be submitted and served in accordance with this paragraph on or before January 31, 2015, and shall cover the period from September 30, 2014 through and including December 31, 2014.[1] Thereafter, each Monthly Statement shall be submitted and served in accordance with the terms set out above.

---

[1] In the event that the Court has not ruled on this Motion by the date that the initial Monthly Statement is due, Professionals seeking payment on an interim basis for fees and expenses incurred during this initial period shall provisionally follow the procedures outlined herein. The Debtors, however, will not make any payment to Professionals, nor shall a Professional apply a retainer to outstanding fees or expenses, until the Court enters an order approving the proposed procedure.

## IV.
## AUTHORITY FOR RELIEF

4. Section 331 of the Bankruptcy Code provides in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

5. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. The proposed procedures for compensating and reimbursing court-approved professionals are consistent with those established in other chapter 11 cases in this district. The proposed procedures comply with the United States Trustee's Guidelines as stated in 28 C.F.R. Part 58, Appendix. Such procedures are needed to avoid having professionals fund the reorganization proceeding. *In re Int'l Horizons, Inc.*, 10 B.R. 895 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *Id*. at 897-98. The Debtor submits that the procedures sought herein are appropriate in consideration of these factors.

## V.
## PRAYER

WHEREFORE, the Debtors request this Court enter an order establishing procedures for interim compensation and reimbursement of expenses of professionals and granting such other

and further relief as the Court may deem just and proper.

    Respectfully submitted on the 8th day of January, 2015.

                                  Respectfully submitted,

**OKIN & ADAMS LLP**

By: */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@okinadams.com
Ruth E. Piller
Texas Bar No. 00794461
Email: rpiller@okinadams.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION
ASR 2401 FOUNTAINVIEW, LP AND
ASR 2401 FOUNTAINVIEW, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the forgoing Motion was served upon the parties on the attached service list via United States Mail, postage prepaid and/or via e-mail on the 8th day of January, 2015.

                                      */s/ Christopher Adams*
                                       Christopher Adams